**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

                                                                                              **C.A. NO.: 07 CA 10238 WGY**

| | |
|---|---|
| **ROBERT POWERS,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **TRANSAMERICA INSURANCE & INVESTMENT GROUP.** | ) ) |
| | ) |
|        **Defendant.** | ) |
| | ) |

**JOINT PRE-TRIAL CONFERENCE MEMORANDUM OF THE PARTIES
PURSUANT TO THE COURT'S PROCEDURAL ORDER OF JUNE 22, 2007**

I  STATEMENT OF THE EVIDENCE OF EACH PARTY

   A.  Plaintiff's Statement of the Evidence

       The Plaintiff, Robert Powers will offer evidence that on October 7, 2005 in the course of applying for a Transamerica Life Insurance Policy, the Roblin Insurance Agency, an authorized agent of Transamerica, provided Mr. Powers with a Transamerica initial application form entitled "Life Insurance Application Part 1." Mr. Powers signed the application, which contained an authorization to release certain medical records. The document did not mention any psychotherapy note exclusion. On this same day, Roblin Insurance Agency provided Mr. Powers with a Transamerica HIPAA Authorization ("Authorization") form, which authorized the Defendant, Transamerica to obtain his "entire medical record…[which included] information on the diagnosis and treatment of mental illness and the use of alcohol, drugs and tobacco, but excluded psychotherapy notes." Although the Authorization explicitly stated that psychotherapy notes were excluded, other parts of the form which authorized the disclosure of Mr. Powers' medical records did not. For

example, line no. 9 of the Authorization states "I instruct my providers to release and disclose the entire medical record restriction."

The Plaintiff will offer evidence that on December 9, 2005, the next document presented to Mr. Powers during the Transamerica life insurance application process was the "Application Part 2:Paramedical Health History," (Application No. 2). Ms Anita Hudson, acting on behalf of Transamerica, an ExamOne paramed that the Roblin Insurance Agency retained, performed an examination of Mr. Powers and completed Application No. 2 before he signed it. Before signing Application No. 2, Mr. Powers asked Ms. Hudson whether this document, or any other document provided to him by the Roblin Insurance Agency, would be used to obtain psychotherapy records because he was undergoing psychotherapy treatment at the time. Ms. Hudson assured Mr. Powers that Transamerica would not obtain any psychotherapy notes.

The Plaintiff will offer evidence that Ms. Elizabeth Hickman, the underwriter for Transamerica, in assessing Mr. Powers life insurance application, reviewed Application No. 2 and the ExamOne examination results, which revealed that Mr. Powers was taking two medications: Lisinopril and Effexor. Thereafter, Ms. Hickman ordered Transamerica's agent and broker, Cotter Insurance Agency to obtain more detailed information regarding the two medications that appeared on the Lab One Report that Ms. Hudson administered. Roblin Insurance Agency, acting as an agent of Transamerica, was responsible for contacting ExamOne and retaining a second paramed. The second paramed, Natasha [last name unknown], contacted Mr. Powers by telephone asking for more detailed information regarding the Effexor and Lisinopril. Mr. Powers informed Nastasha that he was prescribed Effexor by Dr. Michael Bennett, MD to treat his depression and he provided her with Dr. Bennett's business address. Natasha then recorded this information on a second Application

Part 2 form ("Second Application No. 2"), which was backdated to December 9, 2005. Mr. Powers told her that he was undergoing psychotherapy treatment with Dr. Bennett and asked whether Transamerica, in investigating his medical background, would attempt to obtain any of the psychotherapy notes excluded in the Authorization. Natasha assured Mr. Powers that Transamerica would not try to obtain the psychotherapy notes. Unlike the first Application, Mr. Powers never saw nor signed the Second Application Part 2. Transamerica's procedure required that the medical form be filled out in the presence of the applicant and then signed by Mr. Powers.

The Plaintiff will offer evidence that after receiving the Mr. Powers' unsigned Application, Transamerica ordered Kerri Bayer, an employee of Cotter Insurance Agency, to retrieve Mr. Powers' medical records from Dr. Bennett knowing that he was treating Mr. Powers for depression. Cotter Insurance Agency then retained another agent, Green Tree Records Retrieval, to contact Dr. Bennett and obtain Mr. Powers' medical records. At no time did Green Tree, Roblin Insurance Agency, Cotter Insurance Agency or Transamerica ever make an effort to inform Dr. Bennett that Mr. Powers' psychotherapy notes were not authorized for disclosure. Transamerica then faxed Dr. Bennett a Records Request ("Request") and a copy of the signed HIPAA Authorization. They never sent Dr. Bennett the authorization he signed as part of the application. The request asked Dr. Bennett to submit to Transamerica medical documents that fall within any of the following categories: "Medical, Progress Notes, History, Physician Discharge Summaries, Operative Reports, Laboratory Blood Tests, X-Ray Reports, EKG Tracings and Emergency Face Sheets.: The Request failed to advise Dr. Bennett not to release Mr. Powers' psychotherapy notes.

The Plaintiff will offer evidence that after reading the Authorization and Request, Dr. Bennett believed the two documents were a request for Mr. Powers' entire medical record. Dr. Bennett then forwarded Mr. Powers' complete office medical records, including the unauthorized psychotherapy notes, to Transamerica. Dr. Bennett, using a red pen, designated parts of the medical records that he classified as psychotherapy notes. Moreover, Dr. Bennett indicated that if he had better understood the Request and Authorization as excluding the psychotherapy notes, he would have either excluded these designated parts from the medical record or provided additional, more detailed information about them in order to avoid misinterpretation of his notes.

The Plaintiff will offer evidence that upon reviewing Mr. Powers' complete medical records, including the unauthorized, unlawfully obtained psychotherapy notes, Transamerica then declined Mr. Powers' application for life insurance. These psychotherapy notes adversely affected Mr. Powers' life insurance application and are the only reason why his application was rejected by Transamerica.

The Plaintiff will offer evidence that the aforementioned facts strongly support Mr. Powers' claim that Transamerica drafted and provided an authorization containing ambiguous, confusing and inconsistent terms. Moreover, from the start of the Application process, Transamerica and its agents, Cotter Insurance Agency, Roblin Insurance Agency and ExamOne, also deceived Mr. powers into believing that Transamerica would not, under any conditions, attempt to obtain the unauthorized psychotherapy notes. The series of misrepresentations start at the beginning of the Application process, when Roblin Insurance Agency failed to advise Mr. Powers would attempt to obtain his psychotherapy notes. As the process continued, two ExamOne paramedics

that Roblin Insurance Agency retained continued to misrepresent to Mr. Powers that Transamerica would not obtain his psychotherapy notes.

The Plaintiff will offer evidence that as a result of the improper unauthorized disclosure of the psychotherapy notes and loss of life insurance, the Plaintiff has suffered considerable emotional distress and mental anguish which has manifested itself in the form of intense periods of stress, severe episodes of anxiety, depression, insomnia, a constant state of worry, painful tension headaches, an inability to concentrate at work in his profession as an attorney, and gastrointestinal distress that has been diagnosed as Irritable Bowel Syndrome. Also, the Plaintiff has suffered damage to his good reputation, disruption in his personal life and loss of enjoyment of the ordinary pleasures of everyday life.

B. Defendant's Statement of the Evidence

Defendant Transamerica Occidental Life Insurance Company, erroneously sued as Transamerica Insurance & Investment Group ("Transamerica") will offer evidence at trial that no reasonable jury could conclude that Plaintiff Robert Powers ("Mr. Powers") should prevail. Mr. Powers has alleged and this action turns on the claim that Transamerica "misused the limited authorization provided by the Plaintiff and obtained the complete records from the Plaintiff's physician, including the excluded records." Complaint No. 6. But, Mr. Powers' physician, Dr. Michael Bennett ("Dr. Bennett") has testified that he received and "glanced over" the said authorization and did not notice the exclusion for psychotherapy notes. He was in a hurry and thought he had the gist of it. Nothing mislead him into not noticing it but the authorization, he claimed, contains a lot of content and small lettering.

If Dr. Bennett had read the entire authorization, he would have seen the exclusion for psychotherapy notes. Now that he is aware of the

exclusion he would "either have not included or would have – or that I would have included with more specific information so that the medical issues would be less impressionistic." Dr. Bennett will testify this would apply to a total of thirty-two words in his record, which in his deposition he underlined in red pen. He will testify that he was authorized to produced to Transamerica the entire balance of his records of six office visits which included extensive information on Mr. Powers' diagnosis, his medication and alcohol use. Transamerica would have not issued life insurance on Mr. Powers if Dr. Bennett had excluded the thirty-two words, enhanced them or if he refused to produce any records at all.

Mr. Powers claims to have sought reassurances from the Paramedics who took his history for the application that Transamerica would not seek any psychotherapy records, despite his disclosures in his application about his treatment for depression. These claims are totally uncorroborated by the one Paramedic, Ms. Hudson, who has been deposed. Dr Bennett's March 3, 2006 office record establishes that Mr. Powers' claim for damages has no value, even if he should be able to establish liability, and he cannot. That office visit, the first visit following Transamerica's January 25, 2006 declination of Mr. Powers' application, reported that Mr. Powers was "feeling pretty good" and "doing very well."

II.   STATEMENT OF STIPULATED FACTS

1. The Plaintiff, Robert Powers applied for a life insurance policy with the Defendant, Transamerica.

2. Transamerica provided Mr. Powers with an Insurance Application and HIPAA Authorization.

3. Mr. Powers signed the Insurance Application, which included an Authorization and the separate HIPAA Authorization.

4. Transamerica requested that Mr. Powers be examined by its representative ExamOne as part of its underwriting process.

5. Transamerica obtained the name and address of Dr. Michael I. Bennett, MD from Mr. Powers through its authorized agent ExamOne.

6. After reviewing the initial Application and the Application Part 2, Transamerica requested records from Dr. Michael I. Bennett, MD through its agent the Cotter Insurance Agency.

7. Transamerica, through its authorized agent, sent a medical records request to Dr Michael I. Bennett, MD along with the HIPAA Authorization signed by Mr. Powers.

8. Transamerica did not send to Dr. Michael I. Bennett, MD the authorization that Mr. Powers signed with the Application Part 1.

9. Transamerica received the Application Part 2 – Medical Report prepared by its authorized agent ExamOne.

10. At the time Transamerica requested Dr. Michael I. Bennett, MD's medical records, it was aware that Mr. Powers was treating with Dr. Bennett for depression and taking medication for depression.

11. Transamerica obtained the medical records of Dr. Michael I. Bennett, MD as a result of the facsimile Records Request and HIPAA Authorization signed by Mr. Powers which its agent had sent to Mr. Powers.

12. Transamerica received and reviewed the medical records of Dr. Michael I. Bennett, MD.

13. Transamerica declined Mr. Powers life insurance application based on the medical records of Dr. Michael I. Bennett, MD.

14. Transamerica communicated coded information about Mr. Powers to the Medical Information Bureau regarding his alleged alcohol use and mood disorder.

III. CONTESTED ISSUES OF FACT

1. Whether Transamerica properly or improperly obtained Mr. Powers' psychotherapy notes contained within Dr. Bennett's medical records and then used the information found in those psychotherapy notes to reject his application for a life insurance policy.

2. If so, whether that conduct caused Mr. Powers to suffer any personal injury.

3. If so, what damages suffered by Mr. Powers were caused by the conduct of Mr. Powers or of third persons such as Dr. Bennett.

4. Whether Dr. Bennett's medical records of Mr. Powers contained any information which Dr. Bennett would not have released if he had seen the psychotherapy notes exclusion in the HIPAA Authorization.

5. Whether the information in Dr. Bennett's medical records, distinct from those portions he claims to be psychotherapy notes, is sufficient to support Transamerica's declination of Mr. Powers' life insurance application.

6. Whether Transamerica mislead Dr. Bennett into not reading the psychotherapy notes exclusion in the HIPAA Authorization.

7. Whether there was any tortious conduct by Transamerica.

IV.   JURISDICTIONAL QUESTIONS

   None.

V.   QUESTIONS RAISED BY PENDING MOTIONS

   The Defendant has filed a motion to dismiss and a motion for summary judgment which are still pending before the Court.

VI.   ISSUES OF LAW BY THE DEFENDANT

   1. Whether Transamerica's HIPAA Authorization is clear or misleading?

   2. Whether Transamerica misused the HIPAA Authorization to obtain the medical records of Dr. Bennett?

   3. Whether Transamerica was entitled to rely on Dr. Bennett to produce medical records in compliance with the HIPAA Authorization?

   4. Whether Dr. Bennett's medical records contained any psychotherapy notes?

   5. Whether Transamerica invaded Mr. Powers' privacy?

6. Whether Transamerica intentionally inflicted emotional distress on Mr. Powers?

7. Whether Transamerica negligently inflicted emotional distress on Mr. Powers?

8. Whether Transamerica deceived Dr. Bennett into producing any psychotherapy notes on Mr. Powers?

9. Whether Transamerica violated M.G.L. Chapter 93A and M.G.L. Chapter 176D?

10. Whether HIPAA control?

VII.  REQUESTED AMENDMENTS TO THE PLEADINGS

Based upon the current state of evidence, the Mr. Powers may consider including additional defendants since the discovery phase of this action has not been completed. Mr. Powers will wait until all depositions are completed and then will decide whether to include any additional defendants.

Transamerica reserves the right to object to the addition of any such unnamed additional defendants and notes that only remaining depositions are those which Transamerica has been attempting to schedule since May 2007. They are aware of Mr. Powers, scheduled for July 27, 2007; Mrs. Powers, scheduled for August 1, 2007; the managing partner of Mr. Powers' law firm, scheduled for August 16, 2007 and an as yet unscheduled record production by Dr. Dorothy Buck, Ph.D., Mr. Powers' psychologist, and her subsequent deposition.

VIII.  ADDITIONAL MATTERS TO AID IN DISPOSITION OF THE ACTION

In the event that the said record production and deposition of Dr. Buck are not scheduled to be completed respectively by August 4 and August 10, 2007, Transamerica respectfully requests that the Court order their completion by those dates. Transamerica acknowledges the efforts of Mr. Powers and his counsel in this regard to date. However, in view of the September 2007 trial, these matters must be resolved in the very near future.

IX.  LENGTH OF TRIAL & TRIAL TYPE

Jury trial; 3-5 days.

X.   WITNESSES OF THE PARTIES

  A.  Plaintiff's Witnesses

  1. Robert P. Powers (Factual), 16 Burnham Road, Wenham, Massachusetts
  2. James Roblin (Factual), Roblin Insurance Agency, 144 Gould Street, Needham, Massachusetts
  3. Nona Aubule (Factual), Roblin Insurance Agency, 144 Gould Street, Needham, Massachusetts
  4. Kerri Bayer (Factual), Roblin Insurance Agency, 144 Gould Street, Needham, Massachusetts
  5. Diane Andreotes (Factual), Roblin Insurance Agency, 144 Gould Street, Needham, Massachusetts
  6. Jack Cotter (Factual), Cotter Insurance Agency, 144 Gould Street, Needham, Massachusetts
  7. Anita Hudson (Factual), ExamOne, Inc., 29 Harrison Street – Unit No. C, Roslindale, Massachusetts
  8. Natasha [last name unknown] (Factual), ExamOne, Inc. 1208 VFW Parkway, Suite No. 300, Boston, Massachusetts
  9. Dr. Michael I. Bennett, MD (Factual/Medical), 110 Dunbarton Road, Belmont, Massachusetts
  10. Dr. Dorothy Buck, Ph.D.(Factual/Medical), 175 Elm Street, Somerville, Massachusetts
  11. Dr. Christina Gelev, MD (Factual/Medical), MGH West, General Medical Associates, 40 Second Street – Suite No. 400, Waltham, Massachusetts
  12. Elizabeth Hickman (Factual), Transamerica Occidental Life Insurance Company, 401 North Tryton Street – Suite No. 800, Charlotte, North Carolina

  B.  Defendant's Witnesses

  1. Elizabeth Hickman (Factual), see above.
  2. Lillie Schlessinger, (Factual), Transamerica Occidental Life Insurance Company, 1150 South Olive Street, Los Angeles, California 90015.
  3. Dee Webb (Factual), Transamerica Occidental Life Insurance Company, 1100 Walnut Street, Kansas City, Missouri 64106.
  4. Nona Aubele, (Factual), see above.
  5. Kerri Bayer, (Factual), see above.
  6. Jim Roblin (Factual), see above.
  7. Tom Miller (Factual), Premier Information Management, Inc. 4505 East Chandler Blvd, Suite No. 210, Phoenix, Arizona 85048.

8. Sherri Canter (Factual), Exam One, 1208 V.F.W. Parkway, Suite No. 300, Boston, Massachusetts 02132.
9. Robert O. Powers (Factual), see above.
10. Dr. Michael I. Bennett, MD (Factual), 45 Cedar Road, Chestnut Hill, Massachusetts 02467.
11. Dr Christina Gelev, MD (Factual), see above.
12. Dr. Don Meyer, MD (Expert in Psychiatry), 124 Mount Auburn Street, Suite No. 440 South, Cambridge, Massachusetts 02138.

Transamerica reserves the right to call as a trial witness anyone listed on Mr. Powers; Witness List. Transamerica objects to any expert opinion to be offered by Drs. Michael Bennett, Christina Gelev or Dortohy Buck as Mr. Powers has not disclosed them as expert witnesses.

XI. LIST OF PROPOSED EXHIBITS

A. Plaintiff's List of Proposed Exhibits

1. Medical records of Dr. Michael I. Bennett, MD
2. Medical records of Dr. Christina Gelev, MD
3. Medical records of Dr. Chin Hur, MD
4. The Plaintiff's Application for Life Insurance Coverage
5. The Defendant's "HIPAA Authorization [Form] for Release of Health-Related Information." (Dated October 6, 2005)
6. The Defendant's Denial Letter sent to the Plaintiff, Robert P. Powers (Dated January 25, 2006)
7. The Defendant's documents served with their Initial Disclosures upon Counsel for the Plaintiff.
8. The Defendant's file regarding Mr. Powers provided by Mandatory Disclosure.

B. Defendant's List of Proposed Exhibits

1. Application Part 1.
2. HIPAA Authorization.
3. 11/10/05 APPS Case History.
4. Application Part 2 [first].
5. LAB One December 9, 2005.
6. Elizabeth Hickman e-mail December 22, 2005.
7. Application Part 2 [second].
8. 1/11/06 Premier Status.
9. 1/13/06 Pending Status.
10. 1/12/06 Premier Records Cover Sheet and May 19, 2005 record of Dr. Gelev.
11. Elizabeth Hickman e-mail of January 17, 2006.
12. Green Tree records Management form re: records request.

13. Premier (formerly Green Tree) Record Request, January 17, 2006.
14. Records Cover Sheet of January 18, 2006 and Dr. Bennett's records produced in January 2006.
15. Dr. Bennett's records, from his deposition with underlined portions.
16. TOLIC [Transamerica Occidental Life Insurance Company] Risk Assessment Manual relevant pages.
17. Elizabeth Hickman January 19, 2006 e-mail.
18. Life Insurance Division, Final Action, 1/19/06.
19. January 25, 2006 declination letter.
20. ReliaStar Term Application, 9/8/06.
21. ReliaStar Application Part II, 9/14/06.
22. ReliaStar declination letter, December 7, 2006.
23. C.N.A. Application, 11/3/95

Defendant's Objections:

Transamerica objects to Mr. Powers' Exhibit Nos. 7 and 8 as duplicative, unclear which documents from Transamerica's file Mr. powers intends to offer in evidence and reserves the right to object for lack of relevance and other grounds after Mr. Powers has more specifically designated the exhibits he intends to offer. Transamerica objects to Mr. Powers' Exhibit No. 3, the records of Dr. Chin Hur to the extent that the records contain expert opinion as Plaintiff has not disclosed Dr. Hur as an expert. Transamerica reserves the right to make other objections to the records of Dr. Hur after it has reviewed them.

| For the Plaintiff,<br>By his Attorneys, | For the Defendant,<br>By its Attorneys |
|---|---|
| /s/ David P. Angueira | /s/ Philip M. Howe |
| Edward M. Swartz, Esq.<br>BBO No. 489540<br>David P. Angueira, Esq.<br>BBO No. 019610<br>Swartz & Swartz<br>10 Marshall Street<br>Boston, MA 02108<br>(617) 742-1900 | Philip M. Howe, Esq.<br>BBO No. 242220<br>Matthew W. Perkins, Esq.<br>BBO No. 564868<br>Lecomte, Emanuelson and Doyle<br>Batterymarch Park II<br>One Pine Hill Drive – Suite No. 101<br>Quincy, MA 02169<br>(617) 328-1900 |

Dated: July 24, 2007