UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 07 CA 10238 WGY

| | |
|---|---|
| ROBERT POWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRANSAMERICA OCCIDENTAL | ) |
| LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

# SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

1. Plaintiff, Robert Powers, is an adult individual residing at 74 Lothrop Street, Essex County, Beverly, Massachusetts.

2. Defendant, Transamerica Occidental Life Insurance Company ("Transamerica"), is an Iowa corporation with a principal place of business at 4333 Edgewood Road NE, Cedar Rapids, Iowa.

## JURISDICTION

3. Jurisdiction is based upon (a) the defendant's transacting business in the Commonwealth of Massachusetts; (b) contracting to supply services or things in the Commonwealth of Massachusetts; (c) causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or (d) causing tortious injury inside the Commonwealth of Massachusetts by an act or omission outside the Commonwealth of Massachusetts and regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered, in the Commonwealth of Massachusetts, as set forth in Mass. Gen. L. ch. 223A, § 3.

## FACTS

4. At all times mentioned, Defendant Transamerica, was engaged in the business of selling life insurance in the Commonwealth of Massachusetts.

5. On or about October 6, 2005, Plaintiff, Robert Powers, in the course of applying for life insurance, sent Defendant a limited authorization to obtain confidential medical records from his various medical providers. This authorization specifically excluded certain records.

6. On or about January 17, 2006, the Defendant misused the limited authorization provided by the Plaintiff and obtained the complete records from the Plaintiff's physician, including the excluded records. The request for records was intentionally and/or negligently worded in a way to mislead the receiving party into believing that the Defendant is entitled to all medical records including excluded records.

7. Once the Defendant received the Doctor's records the Defendant then denied the Plaintiff's application for life insurance even though he qualified in all aspects on January 25, 2006.

8. The Plaintiff then retained counsel who requested the Defendant immediately provide all the reasons for its denial and all the records it had improperly obtained. The Defendant insurance company refused to provide the Plaintiff's counsel with said records unless the Plaintiff provides a new authorization for the release of the records.

9. The plaintiff served the defendant with the requisite notice pursuant to M.G.L. c 93A § 2. The defendant has failed to properly respond to the demand letter and has thus engaged in unfair and deceptive trade practices in violation of M.G.L. c 93A and 176D.

## COUNT I
### Invasion of Privacy

10. Plaintiff Robert Powers repeats and restates the allegations in paragraphs 1 through 11 above as if fully and completely set forth herein.

11. Defendant Transamerica negligently, deliberately and purposefully caused injury to the Plaintiff as follows:

    a. Defendant interfered with the Plaintiff's privacy;

    b. The interference was unreasonable, substantial, and serious;

    c. The highly personal information regarding the Plaintiff was communicated and used an improper and unlawful manner; and

    d. The Plaintiff has sustained damages as a result of the interference.

12. As a direct and proximate result of the wrongful conduct described herein in violation of M.G.L. c 214 § 1B, Plaintiff Robert Powers has suffered extreme mental anguish, outrage, severe physical and emotional anxiety, emotional distress, damage to his good reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

   WHEREFORE, Plaintiff Robert Powers demands judgment against Defendant Transamerica in an amount just and proper, together with punitive triple damages, attorney fees, interest and costs.

## COUNT II
### Intentional Infliction of Emotional Distress

13. Plaintiff Robert Powers hereby repeats and restates the allegations in paragraphs 1 through 14 above as if fully and completely set forth herein.

14. The Defendant, Transamerica Insurance & Investment Group intended to or should have known that emotional distress would result from their conduct.

15. The conduct of the Defendant was extreme and outrageous.

16. The actions of the defendant were the direct and proximate cause of the Plaintiff, Robert Powers' injury.

17. As a result of the aforementioned actions of the Defendant, Plaintiff Robert Powers has suffered grievous injury, including, but not limited to emotional distress with physical manifestations.

   WHEREFORE, Plaintiff Robert Powers demands judgment against the Defendant in an amount just and proper together with attorney fees, interest and costs.

## COUNT III
### Negligent Infliction of Emotional Distress

18. Plaintiff Robert Powers hereby repeats and restates the allegations in paragraphs 1 through 16 above as if fully and completely set forth herein.

19. The Defendant's negligent actions were the direct and proximate cause of the Plaintiff, Robert Powers' injury.

20. As a result of the aforementioned actions of the Defendant, Plaintiff Robert Powers has suffered grievous injury, including, but not limited to emotional distress with physical manifestations.

WHEREFORE, Plaintiff Robert Powers demands judgment against the Defendant in an amount just and proper together with attorney fees, interest and costs.

## COUNT IV
### Deceit

21. Plaintiff Robert Powers hereby repeats and restates the allegations in paragraphs 1 through 15 above as if fully and completely set forth herein.

22. Defendant Transamerica negligently, deliberately and purposefully caused injury to the Plaintiff as follows:

    a. Defendant made a material false statement with the intent to induce Plaintiff's doctor to act;

    b. Plaintiff's doctor relied on this material statement to his detriment and to the detriment of the Plaintiff; and

    b. Defendant acted with willful intent

23. As a result of the Defendant's action the Plaintiff, Robert Powers, has been damaged in that he has incurred financial loss for medical treatment resulting from the Defendant's misrepresentations.  The Plaintiff was also damaged in that he was unable to obtain insurance following the Defendant's misrepresentations.

WHEREFORE, Plaintiff Robert Powers demands judgment against the Defendant in an amount just and proper together with attorney fees, interest and costs.

## COUNT V
### Violation of M.G.L. c.93A & M.G.L. c.176D

24. Plaintiff Robert Powers hereby repeats and restates the allegations in paragraphs 1 through 20 above as if fully and completely set forth herein

25. The acts and omissions of the Defendant, Transamerica, constitute unfair and deceptive practices in the conduct of trade and commerce, within the meaning of Massachusetts General Laws, Chapter 93A as follows:

    a. The Defendant misrepresented to Plaintiff's doctor the breadth and scope of Plaintiff's authorization for the release of his medical records

26. As a direct and proximate result of the unfair and deceptive practices set forth herein, Plaintiff sustained severe injuries.

27. On July 27, 2006, Plaintiff made a written demand for relief against the Defendant, pursuant to M.G.L. chapter 93A, which is attached hereto as Exhibit "A".

28. The Defendant has failed to appropriately respond to plaintiff's demand within thirty (30) days from Plaintiff's mailing said written demand pursuant to Chapter 93A.

29. The use and/or employment of the unfair and deceptive practices set forth herein were willful and knowing violations of Chapter 93A.

30. The Defendant's refusal to grant appropriate relief upon demand was made in bad faith with knowledge, or reason to know, that the acts and practices complained of violated Chapter 93A.

WHEREFORE, Plaintiff prays that the court grant the following relief against the defendant, Transamerica.:

a. Find that the conduct of Defendant was a violation of Chapter 93A;

b. Find that the actions of Defendant were a knowing and/or willful violation of Chapter 93A and/or that the refusal to grant appropriate relief upon demand was made in bad faith;

c. Award Plaintiff treble damages and attorney's fees on his claim.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: October 1, 2007                     The Plaintiff,
                                           By His Attorneys,

                                           /s/ David P. Angueira
                                           _____
                                           Edward M. Swartz, BBO# 489540
                                           David P. Angueira, BBO# 019610
                                           SWARTZ & SWARTZ
                                           10 Marshall Street
                                           Boston, Massachusetts  02108
                                           (617) 742-1900